UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FRANCISCO HERNANDEZ,

                Plaintiff,

  -against-

CATCH 22 LINY CORP. et al.

                Defendants.
-----------------------------------------------------------------X

**SUA SPONTE**
**REPORT AND**
**RECOMMENDATION**

21-CV-6379 (PKC) (ST)

**TISCIONE, United States Magistrate Judge:**

## INTRODUCTION

Francisco Gabriel Hernandez, Plaintiff in this action, filed a complaint on November 17, 2021 against Catch 22 Liny Corp., Shaun Manning, and Patrick Baldi alleging violations of federal and state labor laws. *See* Pl. Compl., ECF No. 1. After serving and receiving certificates of default against two of the Defendants, Plaintiff failed to respond to three court orders requiring status reports regarding service of the third Defendant and updates regarding to the other two defendants. *See* 6/13/22 Ord.; 6/28/22 Ord.; 7/22/22 Ord. Four months have lapsed since the first of these orders were issued without any response from Plaintiff. On September 13, 2022 this Court notified the Plaintiff that a Report and Recommendation would be prepared with a *sua sponte* recommendation of dismissal for failure to prosecute. *See* 9/13/22 Ord., ECF No. 16. Plaintiff failed to respond to that as well. The Court thus recommends Plaintiff's complaint be dismissed for failure to prosecute.

## BACKGROUND

Plaintiff filed his complaint in this action on November 17, 2021. *See* Pl. Compl. On December 1, 2021 the summons was returned executed as to Catch 22 Liny Corp. indicating that

it was served on November 29, 2021. *See* ECF No. 8.  On February 9, 2022 an executed summons was filed on the docket indicating that Defendant Patrick Baldi was served on February 4, 2022. *See* ECF No. 9.

After struggling to serve the last Defendant, Shaun Manning, Plaintiff sought multiple extensions of time to serve Mr. Manning, which were granted out to June 1, 2022. *See* ECF Nos. 11, 12; 2/25/22 Ord.; 4/19/22 Ord.

On June 13, 2022, this Court ordered Plaintiff to file a status report on the status of the service of Defendant Manning by June 20. *See* 6/13/22 Ord.  Plaintiff did not do so but, on June 22, 2022, requested certificates of default against the other two Defendants, Catch 22 Liny Corp. and Patrick Baldi, who had failed to plead or otherwise defend themselves in the action. *See* ECF No. 13.  The Clerk of Court entered default against those Defendants on June 27. ECF No. 14.

On June 28, 2022, this Court again ordered Plaintiff to file a status report addressing the status of the service of Defendant Manning as well as an overall update regarding how Plaintiff planned to proceed against Defendants Catch 22 Liny Corp. and Patrick Baldi. *See* 6/28/22 Ord. The deadline for the filing of that status report was July 8, 2022.  Plaintiff did not file a status report by that date.  This Court then again ordered Plaintiff to file a status report by August 12, 2022, and explicitly warned Plaintiff that, if he did not, the Court would recommend dismissal for failure to prosecute. *See* 7/22/22 Ord.  Plaintiff once again failed to file a status report as ordered.

On September 13, 2022, this Court published an Order indicating that a Report and Recommendation recommending dismissal of the action would be prepared in due course. *See* ECF No. 16.  Plaintiff did not communicate with the Court in any way regarding that Order.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure explicitly authorizes a district court to dismiss a suit "[i]f the plaintiff fails to prosecute…" Fed. R. Civ. P. 41(b); *see also Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (stating that district courts can dismiss cases pursuant to their inherent authority to control their docket). "[I]nvoluntary dismissal is an important tool for preventing undue delays and avoiding docket congestion." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962)). Thus, in appropriate circumstances, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link*, 370 U.S. at 633.

Without a doubt, involuntary dismissal for failure to prosecute is a "harsh remedy" that should be reserved for "extreme situations." *Lewis*, 564 F.3dd at 576 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). Thus, the Second Circuit has announced five factors (sometimes referred to as the "*Drake*" factors) relevant to whether involuntary dismissal is warranted in a given case:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has stressed that "[n]o one factor is dispositive," *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011), and therefore this Court reviews all of the factors to provide a sufficient basis for the Court's disposition. *See Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009) (remanding where district court abused its discretion by

failing to address the *Drake* factors, the evidence submitted by the plaintiff, or the Magistrate Judge's recommendation that the case be reopened after dismissal for failure to prosecute).

## DISCUSSION

Here, the *Drake* factors favor dismissal.

The delay in this case from the first disobeyed Order has been more than four months. No steps to prosecute this case have been taken by the Plaintiff since June 27, 2022, also more than four months ago. This is a significant delay that can be attributed to no party other than the Plaintiff. *See Lyell Theatre Corp v. Loews Corp.,* 682 F.2d 37, 42-43 (2d Cir. 1982) (noting that delays that are "merely a matter of months" may support dismissal). Thus, the first factor favors dismissal.

The second factor, whether Plaintiff was given notice that further delay would result in a dismissal, also favors dismissal. This Court provided Plaintiff such notice in its July 22, 2022 Order. It again gave Plaintiff notice that it was preparing a Report and Recommendation recommending dismissal on September 13, 2022. Plaintiff did not respond in any way to either of these notices.

The third factor, whether the Defendants would be prejudiced by further delay, is neutral. None of the Defendants in this action have responded in any way, so the Court has no means of ascertaining any actual potential prejudice.

The fourth factor also favors dismissal. The Court's calendar is very congested but, in recognition of Plaintiff's right to an opportunity for his day in Court, it has provided him many opportunities to continue to prosecute his case. At this point, without Plaintiff taking further steps to move forward in the case, which he has not taken in four months, the case will merely languish on the Court's docket. The Court has attempted to protect Plaintiff's opportunity to

litigate but, without a will from Plaintiff to litigate, the weighing of interest favors clearing the Court's calendar of congestion.

The fifth factor also favors dismissal. The Court, after Plaintiff failed to comply with its June 13 Order, did not jump right to recommending dismissal but provided an extension of time to file a status report to update the Court on how Plaintiff was proceeding with the case. *See* 06/28/22 Ord. When Plaintiff failed to comply with that Order, instead of recommending dismissal, the Court provided yet another extension of time to comply, but explicitly warned Plaintiff that more harsh sanctions were coming for failure to comply with that Order. *See* 7/22/22 Ord. When Plaintiff failed to comply with that Order, only then did the Court consider the remedy of dismissal and, even before recommending such a remedy, it provided Plaintiff yet more notice that it was actively preparing to do so. *See* ECF No. 16. These lesser means than dismissal have been utilized by the Court to no avail. At this point, this Court has assessed all options, and has concluded there is no other lesser sanction which would remedy Plaintiff's continued failure to prosecute his case. Thus, the fifth factor favors dismissal.

## CONCLUSION

With four *Drake* factors favoring dismissal and with Plaintiff having been provided numerous extensions and warnings prior to this action being taken, this Court recommends the Court use its powers under F.R.C.P. 41(b) to dismiss the action due to Plaintiff's failure to prosecute.

**OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
       October 29, 2022